JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HUMAN THINGS, INC. d/b/a GENKI, a Delaware corporation.<br><br>Defendant. | Case No. 2:25-cv-03960-MEMF-E<br><br>**ORDER GRANTING STIPULATION FOR PERMANENT INJUNCTION AND ENTERING JUDGMENT [Dkt. No. 31-1]** |

This matter came before the Court on the parties' Stipulated Motion for Entry of Final Judgment and Permanent Injunction, Dkt. No. 31.

The Court makes the following FINDINGS OF FACT:

1.  This is an action filed by Plaintiff Nintendo of America Inc. against Defendant Human Things, Inc. /d/b/a Genki for trademark infringement, unfair competition, and false advertising.

2.  Plaintiff and/or its affiliates develop and distribute the Nintendo Switch video game console ("Switch"), Nintendo Switch 2 video game console ("Switch 2"), Joy-Con video game controller ("Joy-Con"), and Joy-Con 2 video game controller ("Joy-Con 2"); are the publishers and owners of exclusive rights in a number of video

games; and are the owners of numerous intellectual property rights including but not limited to trademarks, trade dress, trade secret, copyrights, and patents held and used in connection with video game consoles, video games, video game accessories, and related characters, goods and services, and presentations such as "Nintendo Direct" online showcases (collectively hereinafter "Nintendo IP").

3. Defendant operates and markets an online business selling accessories for gaming consoles and components like the Switch, Switch 2, Joy-Con, and Joy-Con 2, including through the website www.genkithings.com, social media, press interviews and releases, and other media.

4. Defendant began to advertise and promote accessories for use with the Switch 2 (the "Prerelease Genki Accessories") at least as early as January 7, 2025, which was prior to Plaintiff's announcement of the Switch 2 name and design through Plaintiff's "First-look Trailer," on January 16, 2025, and prior to Plaintiff's Nintendo Direct for the Switch 2 console and Plaintiff's release of technical specifications for the Switch 2 console, which were both released on April 2, 2025. Building off these prerelease promotions, Defendant promoted compatibility of the Prerelease Genki Accessories with the Switch 2 in a "Genki Direct" (also called "Genki Indirect") immediately after Plaintiff's Nintendo Direct and prior to the public release of the Switch 2 despite the lack of public information regarding the Switch 2 technical specifications.

5. Defendant also publicly exhibited an alleged 3-D printed mockup and digital render of the Switch 2 at CES 2025, which displayed Nintendo's trademarks prior to the First-look Trailer.

6. Third-party public media accounts reported that Defendant obtained unauthorized and illicit access to an unreleased Switch 2 prior to Plaintiff's First-look Trailer or release of the console and that Defendant was able to develop the Prerelease Genki Accessories because of such access.

7. Defendant represents and attests that it did not obtain access to any of

Plaintiff's property (e.g., including but not limited to an unreleased Switch 2 or any documents, files, consoles, or accessories relating thereto) prior to the Plaintiff's First-look Trailer or official launch of the Switch 2.

8. The parties have resolved Plaintiff's claims in this action pursuant to a separate confidential settlement agreement (the "Agreement") that operates in conjunction with this Final Judgment and Permanent Injunction ("Consent Judgment").

The Court enters JUDGMENT as follows:

1. Plaintiff is awarded judgment on its claims against Defendant with payment in an agreed-upon amount representing Plaintiff's damages pursuant to the confidential terms of the Agreement.

2. Each party shall bear its own attorneys' fees and costs.

In addition, pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), California Business and Professions Code § 17200, and the Court's inherent equitable powers, it is hereby **ORDERED** that:

3. A permanent injunction is entered against Defendant enjoining it and its successors, affiliates, agents, officers, directors, employees, members, parents, subsidiaries, partners, predecessors, representatives, and assigns, and all those acting in privity with it or under its control from:

   a. using any logo or design mark owned by Plaintiff, or anything confusingly similar thereto, in any manner in connection with its business;

   b. using any Nintendo intellectual property, including but not limited to the marks "NINTENDO," "SWITCH," "SWITCH 2," or "JOY-CON," or anything confusingly or substantially similar thereto, in Defendant's product names;

   c. using or making reference(s) to Nintendo's intellectual property, including but not limited to the marks "NINTENDO," "NINTENDO SWITCH," and "NINTENDO SWITCH 2," or to Plaintiff or its affiliates, in connection with

Defendant's products, except in a nominative fair use manner and to the extent necessary to make accurate, verifiable, and lawful compatibility claims regarding those products or to accurately disclaim any connection or affiliation with, or endorsement or sponsorship by, Plaintiff, Plaintiff's intellectual property, or Plaintiff's goods or services;

      d.    using the terms "Glitch," "Glitch 2," "Genki Direct," "Genki Indirect," or any other similar rebranding or approximation of Nintendo's intellectual property, products, product names, characters, presentations, or marks;

      e.    for any accessories compatible or marketed for use with Nintendo's products, implementing product packaging, product designs, and product descriptions that fail to make clear to consumers Genki's status as an unlicensed accessory manufacturer;

      f.    using elements in its product packaging, product designs, product descriptions, marketing, or branding that replicate or are confusingly or substantially similar to Nintendo's core color schemes (namely, red and white, red and blue, green and pink, blue and yellow, purple and orange, pink and yellow, and purple and green) except as otherwise provided in the Agreement;

      g.    using Nintendo intellectual property or designs confusingly or substantially similar thereto, in connection with the advertising, promotion or marketing of any products, whether in printed materials, email marketing communications, oral representations or online content such as websites or social media under Defendant's control;

      h.    infringing, or causing, enabling, facilitating, encouraging, promoting, inducing, or participating in the infringement of, any of Nintendo's trademarks, trade dress, copyrights, patents, or other intellectual property, whether now in existence or hereafter created, including but not limited to the unauthorized reproduction, display, public performance, or distribution of any of Nintendo's copyrighted video games or operating systems; and

    i. committing any other violation of Nintendo's intellectual property rights, worldwide, whether now existing or hereafter created.

 4. This permanent injunction constitutes a binding order of this Court, and any violation of this order by Defendant will subject it to the full scope of this Court's contempt authority, including punitive, coercive, and monetary sanctions.

 5. The parties have waived their right to appeal this Judgment.

 6. This Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Final Judgment and Permanent Injunction. Plaintiff is not required to post any bond or security in connection with the Final Judgment and Permanent Injunction, and Defendant has permanently, irrevocably, and fully waived any right to request a bond or security.

 IT IS FURTHER ORDERED that Judgment be entered in this matter in accordance with the terms set forth above, and that the clerk be, and hereby is, directed to close this matter.

 **IT IS SO ORDERED**.

Dated: _September 10, 2025

_____
Hon. Maame Ewusi Mensah Frimpong
United States District Court Judge